UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | Case No. 2:13-cv-00683-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT JUDGMENT** |
| SUMMIT DRYWALL, INC., a Washington State corporation, and THOMAS KAUZLARICH, an individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"); Defendant SUMMIT DRYWALL, INC., a Washington corporation; and Defendant THOMAS KAUZLARICH, an individual (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

# I.  LIABILITY

A.  The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(2) and (5).

B.  Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.  The Secretary acknowledges receipt of a copy of Defendants' Answer.

D.  Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the district court for the Western District of Washington.

E.  Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

F.  Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors at Defendants' worksites) have notice of, and understand, the provisions of this Consent Judgment.

G.  Defendants admit that during the period from October 15, 2009, through April 15, 2013 (the "Subject Period"), they failed to pay the overtime premium to employees listed in Exhibit A to this Judgment ("Employees") in that they did not pay Employees for workweeks longer than 40 hours without compensating these Employees at overtime rates of not less than one and one-half times the regular rate at which they were employed when said Employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in c ommerce or in the production of goods for commerce, within the meaning of the Act.

H.  Defendants admit that during the Subject Period they failed to maintain, keep, make available to authorized agents of plaintiff for inspection, transcription, and/or copying, and preserve

**CONSENT JUDGMENT– PAGE  1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

accurate records of their Employees and of the wages, hours, and other conditions and practices of employment within the meaning of the Act.

## II.    INJUNCTIVE RELIEF AND REMEDIES

Therefore, upon motion of the attorneys for the Secretary, and for cause shown:

**A.    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, be and hereby are permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

1.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable federal minimum wage.

2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.    Defendants shall make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every individual who performs any work for

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

Defendants at their current or future worksites, as required by the Act.  Within ten (10) calendar days of the entry of this Consent Judgment, Defendants shall implement a recordkeeping, retention, and inspection program as detailed below:

    **a.**   <u>**Tracking Employee Hours**</u>

    (1)   Defendants shall maintain and preserve time records as required by 29 C.F.R. § 516.2(a).  Such time records shall document:

        (A)   Each employee's work day start and end times; and

        (B)   How many hours per day each employee performs work for Defendants, including but not limited to hanging, taping, finishing or otherwise installing drywall,

    (2)   A work day starts at whichever of the following occurs first:

        (A)   The time the employee commences work at the worksite if he/she travels directly from home;

        (B)   If an employee is required or permitted to pick up supplies, the time the employee arrives at a store to pick up supplies on the way to a worksite;

        (C)   The start time of a meeting or other event where the employee's attendance is required or permitted by Defendants; or

        (D)   Any other time the employee is required or permitted to begin working.

    (3)   A work day ends when an employee is completely relieved of his or her work duties.  Bona fide meal periods of not less than 30 minutes are not hours

Consent judgment– Page 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. Department of Labor
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

worked. If the employee is required or permitted by Defendants to attend a meeting, go to a store to purchase supplies, or conduct other business required or permitted by Defendants at the end of the day before returning home, the employee's work day will end at the time they finish the required task.

(4)     Defendants shall keep and maintain accurate records of their employees' hours worked per day and per workweek.

(5)     Upon entry of this Consent Judgment and for one (1) year thereafter, Defendants shall include a copy of each drywall hanger and taper's time record with each such employee's paycheck.

b.   **Employees Paid on a Production (Piece Rate) Basis**

(1)     Defendants will enter a written agreement with each of their piece rate employees as to how much per square foot the employee will be paid ("Square Foot Rate") for the installation of drywall.

(2)     For each work week, Defendants will multiply the square feet installed by their employee times the employee's Square Foot Rate.

(3)     Defendants shall add each bonus paid to their employees in a work week to the figure calculated pursuant to the preceding paragraph II.A.3.b.(2).

(4)     The amount for each employee from paragraph II.A.3.b.(3) shall be divided by the number of hours worked that week, pursuant to paragraph II.A.3.a. That number shall be the employee's regular rate ("Regular Rate") for that week. The Regular Rate must be equal to or exceed the applicable minimum wage rate.

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

c. **<u>Calculating Overtime – Overtime Must Be Calculated at Time and One-Half an Employee's Regular Rate</u>**

(1) Calculating the regular rate:

    (a) If an employee is paid on an hourly basis, the regular rate is the hourly rate plus any bonuses the employee earns. If deductions are taken from an employee's wages, they will not lower or change the regular rate.

    (b) If an employee is paid on a production (piece rate) basis, the Regular Rate is calculated by dividing the total weekly earnings by the total number of hours worked.

    (c) If an employee is paid both on an hourly basis and on a production basis, the regular rate is calculated by summing the total earnings divided by the number of hours worked.

(2) With each wage payment, Defendants must provide each employee with a record showing how the weekly wages were calculated. For employees paid on a production basis, this record must show at least:

    (a) The number of hours worked;

    (b) The number of square feet of drywall installed and the agreed-up rate for each square foot installed;

    (c) The regular rate as calculated;

    (d) The number of overtime hours worked; and

    (e) The amount of overtime paid based on the requirement of 1.5 times the employee's regular rate.

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

#### d. **General Requirements**

    (1)    Defendants shall maintain all timecards and payroll records for a period of not less than three (3) years, pursuant to 29 C.F.R. § 516.5.

    (2)    Defendants shall not request or require employees to prepare inaccurate timecards.

    (3)    Immediately upon entry of this Consent Judgment and for two (2) years thereafter, Defendant Kauzlarich shall certify the accuracy of each payroll under penalty of perjury and shall maintain this certification with the payroll records. This certification shall be produced to representatives of the Secretary of Labor upon their request.

    4.    Defendants shall not discriminate and/or retaliate in any way against any employees who file a complaint or cause any proceeding to be instituted under or related to the FLSA. Nor shall Defendants discriminate and/or retaliate in any way against any employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

    B.    **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against the Defendants in the total amount of $550,000.00 (five hundred and fifty thousand dollars), which is comprised of back wages for unpaid overtime compensation in the amount of $275,000.00 and an additional equal amount of $275,000.00 as liquidated damages.

    1.    As set forth in greater detail in Paragraph II.B.3.b. and c. below, Defendants shall pay to the Secretary the net amount of back wages due, from the total amount of $275,000.00, which

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

represents the unpaid gross overtime compensation hereby found to be due for the Subject Period to the current and former Employees of Defendants named in Exhibit A, attached hereto and made a part hereof.

2.      As set forth in greater detail in Paragraph II.B.3.b. and c., below, and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, Defendants shall pay to the Secretary the additional sum of $275,000.00, which represents liquidated damages hereby found to be due for the Subject Period to the current and former Employees named in Exhibit A, attached hereto and made a part hereof.

3.      The provisions of Paragraphs B.1 and B.2 of this Consent Judgment shall be deemed satisfied where Defendants comply with the following payment provisions:

a.      Within sixty (60) calendar days of the entry of this Consent Judgment, Defendants shall deliver to District Director Donna Hart, Wage and Hour Division, United States Department of Labor ("Wage and Hour Division"), 300 Fifth Avenue, Suite 1130, Seattle, WA 98104, a schedule containing: (1) employer name(s), employer identification number(s), employer address(es) and telephone number(s), and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, mobile telephone numbers, gross amount of back wages and liquidated damages (as listed in the attached Exhibit A), amounts of legal deductions for Social Security and withheld taxes thereon, and the resulting net amount of back wages for each Employee listed in the attached Exhibit A. Defendants shall be responsible for determining each Employee's legal deductions for Social Security and withholding taxes thereon from the amounts to be paid to

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

the Employees named in the attached Exhibit A, and for timely remitting said deductions to the appropriate governmental agencies entitled thereto.

b.    Within sixty (60) calendar days of entry of this Consent Judgment, Defendants shall initiate repayment of the back wages and liquidated damages by preparing two checks for each Employee listed in Exhibit A. The first check will be in the amount of total net back wages due to said Employee, with all appropriate deductions withheld as set forth in Paragraph II.B.3.a, and shall have "Net BW Due" written thereon. The second check will be for the full amount of liquidated damages due to said Employee as set forth in the attached Exhibit A and shall have "Liquidated Damages" written thereon. Both checks shall include the firm name of "Summit Drywall, Inc." and shall be made payable to the order of the "Employee or Wage & Hour Div., USDOL." For example, payment to John Employee would be payable to "John Employee or Wage & Hour Div., USDOL."

c.    No later than seventy (70) calendar days after entry of this Consent Judgment, Defendants shall deliver the payments described in the preceding paragraph to District Director Donna Hart, Wage and Hour Division, 300 Fifth Avenue, Suite 1130, Seattle, WA 98104.

4.    In the event of a default in the timely making of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus a penalty in the amount of 5% per year from the date of this Consent Judgment until the full amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

occur if payment is not delivered within five (5) calendar days of the due date specified in Paragraph II.B.3.c.

5.     Upon receipt of the payments detailed in Paragraph II.B.3.b. the Secretary shall distribute said payments to the Employees named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  Defendants may contact the Wage and Hour Division to inquire as to Employees who have not been located, and to offer further assistance in locating such Employees.

6.     Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their Employees with a copy of the employee notice of rights ("Notice of Rights"), attached hereto as Exhibit B, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding employees' rights under the FLSA ("Notice of Rights").  Exhibit B includes English and Spanish versions of the Notice of Rights.  In the event the native language of any employee of Defendants is a language other than English or Spanish, Defendants shall ensure that the Notice of Rights is properly translated into that language. Within the time period prescribed above, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

a.     Defendants shall provide a copy of Exhibit B with the first two paychecks for the first two pay periods following entry of this Consent Judgment to all of Defendants' employees; and

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

b.     For a period of two (2) years, Defendants shall provide a copy of Exhibit B to all newly hired employees before or by the date said employee begins performing work for Defendants.

7.     Within ten (10) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in a prominent location at all of Defendants' permanent worksites.  Copies of said posters are available for download and printing at:

http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

8.     Within ninety (90) days of the entry of this Consent Judgment, or as soon thereafter as practicable given the Wage and Hour Division's representatives' availability, Defendants shall permit representatives from the Wage and Hour Division to conduct two (2) training sessions of approximately two (2) hours each for each individual on Defendants' payroll for the previous 60 days, preferably on a day Employees receive their paychecks.  Defendants shall also be present at said training, which shall be compensable time for which employees shall receive pay.  Topics to be covered by the Wage and Hour Division during said training shall include, but are not limited to:  minimum wage, overtime, and recordkeeping provisions of the FLSA.  Upon a determination by the Wage and Hour Division representatives, said training may include a confidential question and answer session between the Wage and Hour Division's representatives and Defendants' employees, during which time Defendants are not present ("Q&A Session").  The Q&A Session shall also be compensable time for which employees shall receive pay.

9.     Defendants shall promote awareness of the importance of compliance with the requirements of the FLSA by writing and submitting for publication to an industry publication an article

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.*, et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

that addresses the obligations of drywall employers to pay the minimum wage and overtime rates, that promotes the employment rights of workers, and discusses the necessity of a level playing field for all drywall employers by promoting a code of conduct that promotes adherence to federal labor and employment laws. The article will be tailored to employers similarly situated to Defendants. Within 60 days of entry of this Consent Judgment, Defendants will provide the Wage and Hour Division with a draft of the article prior to its submission for their review for accuracy. The Wage and Hour Division shall have 60 days to review the article. Defendants shall incorporate any changes suggested by the Wage and Hour Division prior to submitting the article to the trade publication. Defendants shall provide a final copy of the article to the Wage and Hour Division upon the article's publication. Defendants agree to make diligent efforts to have the article published.

10. Defendants shall purchase an ad of not less than one sixth of a page in the same industry publication for two days, or, if monthly, in two consecutive issues, containing information on the obligations of drywall employers to pay the minimum wage and overtime rates and promote the employment rights of drywall workers, and on the necessity of a level playing field for all drywall employers by promoting a code of conduct that promotes adherence to federal labor and employment laws. Within 60 days of entry of this Consent Judgment, Defendants will provide the Wage and Hour Division with a draft of the ad prior to its submission, for their review for accuracy. The Wage and Hour Division shall have 60 days to review the ad. Defendants shall incorporate any changes suggested by the Wage and Hour Division prior to submitting the ad to the trade publication. Defendants shall provide a final copy of the ad to the Wage and Hour Division upon the ad's publication. Defendants agree to make diligent efforts to have the ad published, and will provide a copy of the advertisement to each of its

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

current employees along with each employee's paycheck in the pay period following publication of the advertisement.

11.     Each party shall bear all fees and other expenses (including attorneys' fees and court costs) incurred by such party in connection with any stage of this proceeding to date.

C.     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

D.     **IT IS FURTHER ORDERED** that the parties to the instant Complaint shall comply with the terms of this Consent Judgment.


DATED this 3rd day of February, 2014.


Robert S. Lasnik
United States District Judge




Presented by:

M. PATRICIA SMITH
Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.*, et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

JEANNIE GORMAN
Senior Trial Attorney
SUSAN BRINKERHOFF
Trial Attorney


_____          _____

United States Department of Labor                          Date
Counsel for Plaintiff




Entry of this Judgment is hereby consented to:



_____          _____

THOMAS KAUZLARICH, individually and for            Date
Summit Drywall, Inc., Defendants



DAVIS WRIGHT TREMAINE LLP
Counsel for Defendants



_____          _____

Michael J. Killeen                                    Date

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

# Exhibit A to Consent Judgment

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 1 | Aguilar Lopez, Jose de J. | 02/22/2013 – 04/05/2013 | 174.42 | 174.42 | 348.84 |
| 2 | Aguilar, Raymundo | 03/08/2013 – 03/22/2013 | 77.71 | 77.71 | 155.42 |
| 3 | Aguilar, Victor | 05/07/2010 – 04/06/2012 | 240.06 | 240.06 | 480.12 |
| 4 | Alejandro Alonso, Jose | 01/15/2010 – 05/07/2010 | 76.06 | 76.06 | 152.12 |
| 5 | Almejo, Cain V. | 10/23/2009 – 04/05/2013 | 3,796.36 | 3,796.36 | 7,592.72 |
| 6 | Almejo, Genaro V. | 10/23/2009 | 30.10 | 30.10 | 60.20 |
| 7 | Alonso, Alfredo | 04/22/2011 | 35.34 | 35.34 | 70.68 |
| 8 | Alonso, Jose | 04/09/2010 – 04/05/2013 | 433.92 | 433.92 | 867.84 |
| 9 | Alvarado Q., Jesus J. | 10/23/2009 – 12/17/2010 | 1,084.54 | 1,084.54 | 2,169.08 |
| 10 | Alvarado, Carlos F. | 10/23/2009 – 04/05/2013 | 2,909.22 | 2,909.22 | 5,818.44 |
| 11 | Alvarado, Edgar Mauricio | 06/15/2012 – 10/05/2012 | 151.93 | 151.93 | 303.86 |
| 12 | Ambrocio, Jorge Rosales | 01/14/2011 – 02/10/2012 | 436.62 | 436.62 | 873.24 |
| 13 | Ambrocio, Rafael T. | 10/23/2009 – 07/01/2011 | 247.89 | 247.89 | 495.78 |
| 14 | Ambrocio, Rodolfo G. | 01/15/2010 – 10/05/2012 | 386.25 | 386.25 | 772.50 |
| 15 | Ambrocio, Jose L. | 11/20/2009 – 08/12/2011 | 774.95 | 774.95 | 1,549.90 |
| 16 | Araia, Oscar B. | 02/22/2013 – 03/08/2013 | 81.05 | 81.05 | 162.10 |
| 17 | Araiza Diaz, Gregorio A. | 05/06/2011 – 04/05/2013 | 394.09 | 394.09 | 788.18 |
| 18 | Araiza Estrada, Jorge A. | 07/02/2010 – 04/05/2013 | 1,528.13 | 1,528.13 | 3,056.26 |
| 19 | Araiza Rosales, Carlos | 09/09/2011 – 12/16/2011 | 83.58 | 83.58 | 167.16 |
| 20 | Araiza, Adolfo | 10/23/2009 – 04/05/2013 | 3,432.70 | 3,432.70 | 6,865.40 |
| 21 | Araiza, Efren | 11/20/2009 – 04/05/2013 | 2,181.21 | 2,181.21 | 4,362.42 |
| 22 | Araiza, Javier | 01/15/2010 – 02/24/2012 | 344.84 | 344.84 | 689.68 |
| 23 | Arevalo, Ruben G. | 10/19/2012 | 36.03 | 36.03 | 72.06 |
| 24 | Arzate R., Pedro | 11/18/2011 | 23.90 | 23.90 | 47.80 |
| 25 | Avalos, Jose | 10/23/2009 – 04/05/2013 | 2,065.81 | 2,065.81 | 4,131.62 |
| 26 | Avalos, Querin D. | 10/23/2009 – 04/05/2013 | 2,096.27 | 2,096.27 | 4,192.54 |
| 27 | Avila, Felix | 12/14/2012 – 01/11/2013 | 113.44 | 113.44 | 226.88 |
| 28 | Ayala Ramirez, Juan | 03/25/2011 – 05/20/2011 | 185.93 | 185.93 | 371.86 |
| 29 | B. Villa Lopez, Jesus | 02/24/2012 – 04/20/2012 | 58.44 | 58.44 | 116.88 |
| 30 | Baltazar, Erik | 01/15/2010 – 04/05/2013 | 2,170.71 | 2,170.71 | 4,341.42 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

# Exhibit A (cont'd)

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 31 | Barajas, Jose Guadalupe | 07/02/2010 – 12/17/2010 | 209.41 | 209.41 | 418.82 |
| 32 | Barraza, Mario | 04/20/2012 – 06/01/2012 | 134.21 | 134.21 | 268.42 |
| 33 | Bautista, Dagoberto | 02/25/2011 – 09/07/2012 | 332.14 | 332.14 | 664.28 |
| 34 | Bautista, Manuel R. | 03/08/2013 – 04/05/2013 | 84.56 | 84.56 | 169.12 |
| 35 | Bautista, Pedro Damian | 01/25/2013 – 04/05/2013 | 231.16 | 231.16 | 462.32 |
| 36 | Bautista, Salvador | 05/07/2010 | 30.27 | 30.27 | 60.54 |
| 37 | Benavides, Arturo | 02/24/2012 – 04/05/2013 | 832.28 | 832.28 | 1,664.56 |
| 38 | Blanco, Francisco | 10/23/2009 - 04/05/2013 | 3,823.87 | 3,823.87 | 7,647.74 |
| 39 | Blas Blanco, Victor | 07/01/2011 – 09/23/2011 | 42.78 | 42.78 | 85.56 |
| 40 | Bravo Vidrio, Juan | 10/19/2012 | 30.59 | 30.59 | 61.18 |
| 41 | Cabrera, Ismael | 05/18/2012 – 06/01/2012 | 75.65 | 75.65 | 151.30 |
| 42 | Calderon Aguirre, Adrian | 09/07/2012 | 22.81 | 22.81 | 45.62 |
| 43 | Cardenas, Armando | 09/07/2012 – 10/19/2012 | 52.29 | 52.29 | 104.58 |
| 44 | Carrera, Diego Jaime M. | 01/25/2013 – 02/22/2013 | 58.56 | 58.56 | 117.12 |
| 45 | Carrera, Jorge | 01/29/2010 – 04/05/2013 | 1,570.25 | 1,570.25 | 3,140.50 |
| 46 | Carrillo, Santiago | 01/28/2011 – 02/25/2011 | 21.15 | 21.15 | 42.30 |
| 47 | Castanon, Alvaro R. | 08/24/2012 – 09/07/2012 | - | - | - |
| 48 | Castanon, Eduardo | 04/08/2011 – 09/07/2012 | 8.36 | 8.36 | 16.72 |
| 49 | Castillo Cauich, Luis | 08/24/2012 – 10/05/2012 | 92.31 | 92.31 | 184.62 |
| 50 | Castillo T., Jorge H. | 04/23/2010 – 05/07/2010 | 58.64 | 58.64 | 117.28 |
| 51 | Castillo Torres, Rogelio | 04/22/2011 – 08/10/2012 | 122.32 | 122.32 | 244.64 |
| 52 | Castillo, Jose Javier G. | 04/08/2011 – 08/10/2012 | 684.52 | 684.52 | 1,369.04 |
| 53 | Castillo, Jose Nava | 01/15/2010 | 34.54 | 34.54 | 69.08 |
| 54 | Castillo, Juan | 07/27/2012 – 08/10/2012 | 47.38 | 47.38 | 94.76 |
| 55 | Cauich, Carlos | 08/24/2012 – 10/05/2012 | 92.25 | 92.25 | 184.50 |
| 56 | Ceja, Abel | 04/23/2010 – 12/14/2012 | 1,762.42 | 1,762.42 | 3,524.84 |
| 57 | Ceja, Horacio | 10/23/2009 – 04/05/2013 | 2,049.78 | 2,049.78 | 4,099.56 |
| 58 | Ceja, Lauro Bernardo | 03/25/2011 – 01/25/2013 | 488.18 | 488.18 | 976.36 |
| 59 | Ceja, Osbaldo | 10/23/2009 – 04/05/2013 | 1,527.39 | 1,527.39 | 3,054.78 |

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

# Exhibit A (cont'd)

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 60 | Cervantes, Jaime H. | 11/20/2009 – 03/09/2012 | 1,571.49 | 1,571.49 | 3,142.98 |
| 61 | Chavez, Manuel H. | 11/16/2012 – 12/14/2012 | 73.65 | 73.65 | 147.3 |
| 62 | Chavira, Francisco | 07/27/2012 – 10/19/2012 | 184.94 | 184.94 | 369.88 |
| 63 | Cifuentes G., Jose | 10/23/2009 – 03/12/2010 | 136.24 | 136.24 | 272.48 |
| 64 | Contreras Ayala, Jose | 10/23/2009 – 08/13/2010 | 747.77 | 747.77 | 1,495.54 |
| 65 | Contreras Galvan, Horacio | 08/10/2012 – 04/05/2013 | 1,375.20 | 1,375.20 | 2,750.4 |
| 66 | Contreras, Jose Felipe | 06/15/2012 – 10/05/2012 | 151.93 | 151.93 | 303.86 |
| 67 | Coral, Sergio | 12/31/2009 – 10/19/2012 | 311.61 | 311.61 | 623.22 |
| 68 | Cordova, Francisco | 12/31/2009 – 05/18/2012 | 391.17 | 391.17 | 782.34 |
| 69 | Cordova, Jose Y. | 10/23/2009 – 04/22/2011 | 1,004.53 | 1,004.53 | 2,009.06 |
| 70 | Coronado Quinon, Hector | 07/27/2012 – 11/16/2012 | 47.54 | 47.54 | 95.08 |
| 71 | Cortez, Juan L. | 04/23/2010 – 06/04/2010 | 79.60 | 79.60 | 159.2 |
| 72 | Cristanto, Bernardino | 07/13/2012 – 08/24/2012 | 98.98 | 98.98 | 197.96 |
| 73 | Cruz, Humberto | 07/27/2012 – 04/05/2013 | 588.30 | 588.30 | 1,176.6 |
| 74 | De Dios, Edgar M. | 10/23/2009 – 02/22/2013 | 1,701.72 | 1,701.72 | 3,403.44 |
| 75 | De La Cruz, Jose DeJesus Chavez | 02/22/2013 - 04/05/2013 | 159.49 | 159.49 | 318.98 |
| 76 | De La Cruz, Leonardo | 05/06/2011 – 04/05/2013 | 1,855.97 | 1,855.97 | 3,711.94 |
| 77 | De La Cruz, Martin G. | 04/05/2013 | 33.61 | 33.61 | 67.22 |
| 78 | De La Rosa G., Alfredo | 11/23/2009 – 04/05/2013 | 3,727.31 | 3,727.31 | 7,454.62 |
| 79 | De La Rosa G., Manolo | 10/23/2009 – 04/05/2013 | 3,633.64 | 3,633.64 | 7,267.28 |
| 80 | De La Rosa, Angel M. | 12/16/2011 – 04/05/2013 | 1,090.11 | 1,090.11 | 2,180.22 |
| 81 | De La Rosa, Cesar G. | 04/22/2011 – 06/29/2012 | 306.65 | 306.65 | 613.3 |
| 82 | De La Rosa, Eligio | 10/23/2009 – 04/05/2013 | 3,262.07 | 3,262.07 | 6,524.14 |
| 83 | DeLa Cruz, Cristian R. | 03/11/2011 – 04/22/2011 | 142.73 | 142.73 | 285.46 |
| 84 | DeLa Rosa, Cesar R. | 04/08/2011 – 12/14/2012 | 219.72 | 219.72 | 439.44 |
| 85 | Diaz Avalos, Juan | 12/16/2011 – 04/05/2013 | 1,618.29 | 1,618.29 | 3,236.58 |
| 86 | Diaz, Cirilo | 07/30/2010 – 04/05/2013 | 773.71 | 773.71 | 1,547.42 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

**Exhibit A (cont'd)**

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 87 | Diaz, Gumaro | 02/08/2013 – 04/05/2013 | 147.75 | 147.75 | 295.50 |
| 88 | Diaz, Juan V. | 10/22/2010 – 08/12/2011 | 711.70 | 711.70 | 1,423.40 |
| 89 | Diaz, Ricardo M. | 10/23/2009 – 04/05/2013 | 3,318.94 | 3,318.94 | 6,637.88 |
| 90 | Diaz, Tomas | 08/24/2012 – 04/05/2013 | 486.69 | 486.69 | 973.38 |
| 91 | Duenas Salcedo, Cesar | 05/18/2012 – 04/05/2013 | 851.88 | 851.88 | 1,703.76 |
| 92 | Duenas Salcedo, Edgar | 01/28/2011 – 02/25/2011 | 21.15 | 21.15 | 42.30 |
| 93 | Duenas, Edgar G. | 04/05/2013 | 46.97 | 46.97 | 93.94 |
| 94 | Duenas, Fernando L. | 10/23/2009 – 04/05/2013 | 3,338.53 | 3,338.53 | 6,677.06 |
| 95 | Enciso, Fidel A. | 10/23/2009 | 37.55 | 37.55 | 75.10 |
| 96 | Enciso, Joel G.A. | 10/23/2009 – 04/05/2013 | 1,403.01 | 1,403.01 | 2,806.02 |
| 97 | Enciso, Pedro D. | 04/05/2013 | 56.16 | 56.16 | 112.32 |
| 98 | Escobar, Alfredo | 02/22/2013 – 03/22/2013 | 114.94 | 114.94 | 229.88 |
| 99 | Escobar, Jose G. | 04/08/2011 – 04/05/2013 | 1,173.99 | 1,173.99 | 2,347.98 |
| 100 | Escobar, Rene | 02/11/2011 | 16.61 | 16.61 | 33.22 |
| 101 | Espinoza, Humberto | 10/19/2012 – 11/02/2012 | 37.12 | 37.12 | 74.24 |
| 102 | Esquivel, Hector P. | 10/19/2012 – 11/02/2012 | 106.93 | 106.93 | 213.86 |
| 103 | Estrada, Armando | 10/19/2012 | 30.56 | 30.56 | 61.12 |
| 104 | Federico Lopez, Osvaldo | 01/15/2010 – 05/18/2012 | 121.44 | 121.44 | 242.88 |
| 105 | Fierro-Avila, Salvador | 02/10/2012 – 12/28/2012 | 819.01 | 819.01 | 1,638.02 |
| 106 | Figueroa Padilla, Jose | 01/29/2010 – 04/05/2013 | 3,600.14 | 3,600.14 | 7,200.28 |
| 107 | Flores, Gabino | 04/05/2013 | 39.31 | 39.31 | 78.62 |
| 108 | Flores, Jaime | 04/05/2013 | 39.31 | 39.31 | 78.62 |
| 109 | Flores, Javier | 10/23/2009 – 02/25/2011 | 1,439.54 | 1,439.54 | 2,879.08 |
| 110 | Flores, Oscar D. C. | 01/15/2010 – 02/24/2012 | 125.53 | 125.53 | 251.06 |
| 111 | Flores, Ramon R. | 04/23/2010 – 10/19/2012 | 250.06 | 250.06 | 500.12 |
| 112 | Flores, Ricardo | 04/05/2013 | 39.31 | 39.31 | 78.62 |
| 113 | Gallegos, Efrain | 04/05/2013 | 65.54 | 65.54 | 131.08 |

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 114 | Garcia Castillo, Fernando R. | 06/01/2012 – 07/13/2012 | 145.95 | 145.95 | 291.90 |
| 115 | Garcia Castillo, Jose Alonso | 08/10/2012 – 11/02/2012 | 103.24 | 103.24 | 206.48 |
| 116 | Garcia, Fidel | 07/01/2011 | 8.72 | 8.72 | 17.44 |
| 117 | Garcia, Gilberto R. | 01/28/2011 – 04/05/2013 | 1,530.71 | 1,530.71 | 3,061.42 |
| 118 | Garcia, Joaquin R. | 10/23/2009 – 12/28/2012 | 2,395.44 | 2,395.44 | 4,790.88 |
| 118 | Garcia, Jose L. | 05/06/2011 – 04/05/2013 | 497.47 | 497.47 | 994.94 |
| 120 | Garcia, Juan L. | 04/22/2011 | 35.34 | 35.34 | 70.68 |
| 121 | Garcia, Miguel A. F. | 03/08/2012 | 22.37 | 22.37 | 44.74 |
| 122 | Garcia, Ramon | 05/06/2011 – 04/05/2013 | 497.59 | 497.59 | 995.18 |
| 123 | Garcia, Ruben | 04/22/2011 – 03/09/2012 | 94.13 | 94.13 | 188.26 |
| 124 | Gaspar, Miguel | 04/05/2013 | 52.41 | 52.41 | 104.82 |
| 125 | Gomez P., Blas | 05/21/2010 – 04/22/2011 | 249.07 | 249.07 | 498.14 |
| 126 | Gomez, Hugo A. | 04/20/2012 – 06/01/2012 | 75.60 | 75.60 | 151.20 |
| 127 | Gonzaga, Ramon A. | 10/23/2009 – 10/05/2012 | 759.82 | 759.82 | 1,519.64 |
| 128 | Gonzales, Isaac Lopez | 11/06/2009 – 10/19/2012 | 2,554.43 | 2,554.43 | 5,108.86 |
| 129 | Gonzalez, Luis Manuel Tiznado | 01/25/2013 – 04/05/2013 | 256.36 | 256.36 | 512.72 |
| 130 | Gonzalez, Tirso C. | 04/22/2011 – 02/24/2012 | 332.19 | 332.19 | 664.38 |
| 131 | Guadalupe, Efrain N. | 04/23/2010 – 11/04/2011 | 333.30 | 333.30 | 666.60 |
| 132 | Guadalupe, Leocadio | 07/27/2012 – 12/14/2012 | 338.93 | 338.93 | 677.86 |
| 133 | Guadalupe, Marco | 06/15/2012 – 08/10/2012 | 224.64 | 224.64 | 449.28 |
| 134 | Guadalupe, Osbaldo | 04/05/2013 | 46.60 | 46.60 | 93.20 |
| 135 | Guadalupe, Pedro A. | 10/23/2009 – 02/12/2010 | 179.25 | 179.25 | 358.50 |
| 136 | Guadalupe, Pedro R. | 11/20/2009 – 04/05/2013 | 716.45 | 716.45 | 1,432.90 |
| 137 | Guadalupe, Sergio B. | 03/08/2013 | 22.37 | 22.37 | 44.74 |
| 138 | Guerrero Adame, Jaime | 03/11/2011 – 04/05/2013 | 416.53 | 416.53 | 833.06 |

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

|     | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|-----|---------------|--------------------------------|----------------|-------------------------|--------------------|
| 139 | Guerrero B., Beningo | 02/24/2012 – 04/05/2013 | 351.43 | 351.43 | 702.86 |
| 140 | Guerrero Martinez, Isaias | 05/07/2010 | 31.85 | 31.85 | 63.70 |
| 141 | Guerrero Martinez, Jose | 05/18/2012 – 04/05/2013 | 202.99 | 202.99 | 405.98 |
| 142 | Guerrero, Armando P. | 12/04/2009 – 04/05/2013 | 3,080.78 | 3,080.78 | 6,161.56 |
| 143 | Gutierrez, Juan D. | 02/11/2011 | 16.61 | 16.61 | 33.22 |
| 144 | Gutierrez, Roberto E. | 02/11/2011 | 16.61 | 16.61 | 33.22 |
| 145 | Guzman A., Jose J. | 10/05/2012 – 04/05/2013 | 62.98 | 62.98 | 125.96 |
| 146 | Guzman Nava, Jose | 12/31/2009 – 03/12/2010 | 120.57 | 120.57 | 241.14 |
| 147 | Guzman, Abrahan C. | 10/23/2009 – 04/05/2013 | 2,142.32 | 2,142.32 | 4,284.64 |
| 148 | Guzman, Alfredo Benito Lopez | 01/15/2010 – 12/14/2012 | 426.22 | 426.22 | 852.44 |
| 149 | Guzman, Apolonio C. | 06/03/2011 – 04/05/2013 | 1,217.84 | 1,217.84 | 2,435.68 |
| 150 | Guzman, Avigay B. | 04/08/2011 – 12/16/2011 | 159.98 | 159.98 | 319.96 |
| 151 | Guzman, Braulio C. | 05/04/2012 – 04/05/2013 | 788.70 | 788.70 | 1,577.40 |
| 152 | Guzman, David G. | 01/15/2010 – 03/25/2011 | 17.40 | 17.40 | 34.80 |
| 153 | Guzman, David J. | 11/02/2012 – 04/05/2013 | 634.80 | 634.80 | 1,269.60 |
| 154 | Guzman, Diego R. | 12/31/2009 – 01/15/2010 | 43.79 | 43.79 | 87.58 |
| 155 | Guzman, Edgardo N. | 09/09/2011 – 10/21/2011 | 144.10 | 144.10 | 288.20 |
| 156 | Guzman, Flavio L. | 04/23/2010 – 06/04/2010 | 79.60 | 79.60 | 159.20 |
| 157 | Guzman, Jorge C. | 04/23/2010 | 28.25 | 28.25 | 56.50 |
| 158 | Guzman, Jose A.R. | 10/23/2009 – 02/24/2012 | 2,472.16 | 2,472.16 | 4,944.32 |
| 159 | Guzman, Jose D. | 10/23/2009 – 03/12/2010 | 348.25 | 348.25 | 696.50 |
| 160 | Guzman, Jose Octavio J. | 11/02/2012 – 04/05/2013 | 644.55 | 644.55 | 1,289.10 |
| 161 | Guzman, Jose R. | 01/15/2010 – 04/05/2013 | 2,378.86 | 2,378.86 | 4,757.72 |
| 162 | Guzman, Juan J. | 04/05/2013 | 45.57 | 45.57 | 91.14 |
| 163 | Guzman, Laris M. | 08/24/2012 – 04/05/2013 | 546.09 | 546.09 | 1,092.18 |
| 164 | Guzman, Marcos S. | 08/24/2012 – 09/07/2012 | 79.38 | 79.38 | 158.76 |
| 165 | Guzman, Miguel B. | 10/23/2009 – 04/05/2013 | 4,062.79 | 4,062.79 | 8,125.58 |
| 166 | Guzman, Pablo G. | 01/15/2010 | 40.07 | 40.07 | 80.14 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

# Exhibit A (cont'd)

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 167 | Heredia, Victor Manuel | 05/06/2011 – 10/19/2012 | 109.12 | 109.12 | 218.24 |
| 168 | Hernandez Garcia, Alvaro | 03/25/2011 – 04/05/2013 | 112.57 | 112.57 | 225.14 |
| 169 | Hernandez Garcia, Christian R. | 04/22/2011 | 40.33 | 40.33 | 80.66 |
| 170 | Hernandez Navarro, Isidro | 10/19/2012 – 11/02/2012 | 25.76 | 25.76 | 51.52 |
| 171 | Hernandez Rivera, Andres | 10/23/2009 – 01/15/2010 | 256.44 | 256.44 | 512.88 |
| 172 | Hernandez V., Rigoberto | 10/19/2012 – 03/22/2013 | 75.81 | 75.81 | 151.62 |
| 173 | Hernandez Vazquez, Eric Luis | 10/19/2012 – 03/22/2013 | 75.81 | 75.81 | 151.62 |
| 174 | Hernandez, Carlos J. | 04/05/2013 | 60.07 | 60.07 | 120.14 |
| 175 | Hernandez, Edwin O. | 04/09/2010 – 06/29/2012 | 1,414.47 | 1,414.47 | 2,828.94 |
| 176 | Hernandez, Francisco | 10/19/2012 – 11/02/2012 | 25.76 | 25.76 | 51.52 |
| 177 | Hernandez, Jesus C. | 05/18/2012 – 04/05/2013 | 279.94 | 279.94 | 559.88 |
| 178 | Herrarte, Edgardo M. | 03/09/2012 – 08/24/2012 | 566.50 | 566.50 | 1,133.00 |
| 179 | Herrera Escareno, Martin | 04/05/2013 | 43.29 | 43.29 | 86.58 |
| 180 | Herrera, Enrique | 11/20/2009 – 04/05/2013 | 2,045.75 | 2,045.75 | 4,091.50 |
| 181 | Herrera, Victor M. | 05/06/2011 – 07/01/2011 | 90.39 | 90.39 | 180.78 |
| 182 | Huerta Blanco, Carlos M. | 02/12/2010 – 02/14/2012 | 898.48 | 898.48 | 1,796.96 |
| 183 | Huerta Blanco, Severiano | 12/18/2009 – 12/14/2012 | 1,768.72 | 1,768.72 | 3,537.44 |
| 184 | Huerta Estrada, Carlos A. | 08/13/2010 – 04/05/2013 | 1,138.41 | 1,138.41 | 2,276.82 |
| 185 | Hugo Padilla, Cesar | 09/07/2012 – 12/28/2012 | 246.16 | 246.16 | 492.32 |
| 186 | Ibarra, Osvaldo | 09/24/2010 – 11/05/2010 | 55.50 | 55.50 | 111.00 |
| 187 | Jacobo Guzman, Jose C. | 10/19/2012 – 04/05/2013 | 600.28 | 600.28 | 1,200.56 |
| 188 | Jacobo Guzman, Juan C. | 10/19/2012 - 04/05/2013 | 546.46 | 546.46 | 1,092.92 |
| 189 | Jacobo Guzman, Luis A. | 10/19/2012 - 04/05/2013 | 591.39 | 591.39 | 1,182.78 |
| 190 | Jacobo, Jorge G. | 12/31/2009 – 06/03/2011 | 77.19 | 77.19 | 154.38 |
| 191 | Jacobo, Luis R. | 04/22/2011 – 04/05/2013 | 479.17 | 479.17 | 958.34 |
| 192 | Jacovo, Guillermo | 01/15/2010 | 40.07 | 40.07 | 80.14 |
| 193 | Jimenez, Hector E. | 08/10/2012 – 04/05/2013 | 368.61 | 368.61 | 737.22 |

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 194 | Jose Neri Blanco, Juan | 10/23/2009 – 09/23/2011 | 900.46 | 900.46 | 1,800.92 |
| 195 | Larios D., Jose J. | 10/23/2009 – 04/05/2013 | 3,274.83 | 3,274.83 | 6,549.66 |
| 196 | Larios Santos, Omar B. | 10/23/2009 – 01/25/2013 | 1,338.42 | 1,338.42 | 2,676.84 |
| 197 | Larios, Fabian G. | 04/23/2010 – 06/04/2010 | 100.68 | 100.68 | 201.36 |
| 198 | Larios, Jose Ricardo | 10/23/2009 – 04/05/2013 | 3,766.71 | 3,766.71 | 7,533.42 |
| 199 | Larios, Juan A. C. | 10/23/2009 – 03/22/2013 | 1,146.63 | 1,146.63 | 2,293.26 |
| 200 | Lazaro De La Cruz, Jose Bernardo | 04/08/2011 – 12/14/2012 | 315.64 | 315.64 | 631.28 |
| 201 | Lazaro, Daniel A. | 04/08/2011 – 12/14/2012 | 397.29 | 397.29 | 794.58 |
| 202 | Lea, Zebulon A. | 04/05/2013 | 41.82 | 41.82 | 83.64 |
| 203 | Leal, Jorge Luis A. | 04/05/2013 | 52.41 | 52.41 | 104.82 |
| 204 | LeBaron, Isaias E. | 02/11/2011 | 16.73 | 16.73 | 33.46 |
| 205 | Lopez Cardona, Everardo | 08/10/2012 – 04/05/2013 | 809.40 | 809.40 | 1,618.80 |
| 206 | Lopez Cardona, Ismael | 08/10/2012 – 04/05/2013 | 812.79 | 812.79 | 1,625.58 |
| 207 | Lopez Cardona, Saul | 08/10/2012 – 04/05/2013 | 812.91 | 812.91 | 1,625.82 |
| 208 | Lopez Gutierrez, Alberto | 08/10/2012 – 12/14/2012 | 252.46 | 252.46 | 504.92 |
| 209 | Lopez L., Jose C. | 10/23/2009 – 04/05/2013 | 2,469.90 | 2,469.90 | 4,939.80 |
| 210 | Lopez L., Nestor M. | 10/23/2009 – 03/25/2011 | 494.44 | 494.44 | 988.88 |
| 211 | Lopez Olivo, Adolfo | 03/22/2013 – 04/05/2013 | 92.86 | 92.86 | 185.72 |
| 212 | Lopez, Ismael | 07/27/2012 – 11/16/2012 | 78.82 | 78.82 | 157.64 |
| 213 | Lopez, Lionel L. | 12/14/2012 – 01/11/2013 | 104.83 | 104.83 | 209.66 |
| 214 | Lopez, Maximiliano L. | 11/20/2009 – 08/27/2010 | 494.35 | 494.35 | 988.70 |
| 215 | Macia Ponce, Catarino | 07/27/2012 – 04/05/2013 | 608.69 | 608.69 | 1,217.38 |
| 216 | Macias Ponce, Eligio | 08/24/2012 – 04/05/2013 | 648.89 | 648.89 | 1,297.78 |
| 217 | Magana, Martin L. | 04/22/2011 – 08/24/2012 | 133.92 | 133.92 | 267.84 |
| 218 | Manuel Reyes, Victor | 03/09/2012 – 05/18/2012 | 71.20 | 71.20 | 142.40 |
| 219 | Maria D., Francisco J. | 10/05/2012 – 02/22/2013 | 47.23 | 47.23 | 94.46 |
| 220 | Maria, Edgar M. | 11/06/2009 – 10/19/2012 | 2,353.20 | 2,353.20 | 4,706.40 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

**Exhibit A (cont'd)**

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 221 | Martinez, Fernando G. | 01/15/2010 – 04/05/2013 | 606.42 | 606.42 | 1,212.84 |
| 222 | Mejia, Cesar | 01/25/2013 – 02/22/2013 | 72.66 | 72.66 | 145.32 |
| 223 | Mejia, Juan P. | 08/10/2012 – 12/14/2012 | 363.09 | 363.09 | 726.18 |
| 224 | Mejia, Nerudin | 03/12/2010 – 02/08/2013 | 1,049.07 | 1,049.07 | 2,098.14 |
| 225 | Mejia, Webster M. Maria | 01/25/2013 – 02/22/2013 | 72.66 | 72.66 | 145.32 |
| 226 | Mendez, Fidel A. | 08/24/2012 – 09/07/2012 | - | - | - |
| 227 | Mendoza Reyna, Noe | 03/23/2012 | 16.79 | 16.79 | 33.58 |
| 228 | Mendoza, Hugo Q. | 11/16/2012 – 03/22/2013 | 236.46 | 236.46 | 472.92 |
| 229 | Mendoza, Isaias | 02/25/2011 – 04/05/2013 | 278.52 | 278.52 | 557.04 |
| 230 | Mendoza, Julio | 06/17/2011 – 04/05/2013 | 640.66 | 640.66 | 1,281.32 |
| 231 | Mendoza, Octavio Q. | 10/23/2009 – 04/05/2013 | 3,277.28 | 3,277.28 | 6,554.56 |
| 232 | Mojarro, Ramiro N. | 08/26/2011 – 09/09/2011 | 78.03 | 78.03 | 156.06 |
| 233 | Molinero, Alejandro P. | 08/24/2012 – 10/19/2012 | 119.59 | 119.59 | 239.18 |
| 234 | Montano, Jose G. | 10/05/2012 – 11/02/2012 | 177.59 | 177.59 | 355.18 |
| 235 | Mora Salaiza, Rigoberto | 10/05/2012 – 11/30/2012 | 208.95 | 208.95 | 417.90 |
| 236 | Morales, Arnulfo C. | 10/23/2009 – 07/13/2012 | 1,870.66 | 1,870.66 | 3,741.32 |
| 237 | Morales, Guillermo | 09/07/2012 – 02/08/2013 | 74.51 | 74.51 | 149.02 |
| 238 | Morales, Jose L. | 09/07/2012 – 02/08/2013 | 141.30 | 141.30 | 282.60 |
| 239 | Moreno, Osvaldo Torres | 05/06/2011 – 04/05/2013 | 2,977.71 | 2,977.71 | 5,955.42 |
| 240 | Murguia Chavez, Claudio | 07/30/2010 – 04/05/2013 | 1,264.32 | 1,264.32 | 2,528.64 |
| 241 | Narvaez, Freddyrich S.A. | 11/30/2012 – 04/05/2013 | 256.93 | 256.93 | 513.86 |
| 242 | Neri Benavides, Juan C. | 05/07/2010 | 30.27 | 30.27 | 60.54 |
| 243 | Neri Mejia, Giovanni M. | 05/07/2010 | 30.27 | 30.27 | 60.54 |
| 244 | Neri, Lionso | 02/25/2011 – 04/05/2013 | 2,670.97 | 2,670.97 | 5,341.94 |
| 245 | Neri, Oracio J. | 04/23/2010 – 05/21/2010 | 63.05 | 63.05 | 126.10 |
| 246 | Neri, Ramiro J. | 04/22/2011 – 04/05/2013 | 551.60 | 551.60 | 1,103.20 |
| 247 | Neri, Raul A. | 04/22/2011 – 08/10/2012 | 1,073.00 | 1,073.00 | 2,146.00 |
| 248 | Nery Ceja, Juan F. | 07/29/2011 – 04/05/2013 | 1,178.67 | 1,178.67 | 2,357.34 |

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 249 | Olea, Jesus G.S. | 10/19/2012 – 11/02/2012 | 61.50 | 61.50 | 123.00 |
| 250 | Olea, Manuel S. | 10/19/2012 – 11/02/2012 | 61.50 | 61.50 | 123.00 |
| 251 | Ornelas, Misael U. | 03/26/2010 – 06/29/2012 | 1,431.68 | 1,431.68 | 2,863.36 |
| 252 | Ortega, Juan S. | 10/19/2012 – 03/22/2013 | 75.81 | 75.81 | 151.62 |
| 253 | Ortiz Montero, Heliodoro | 03/12/2010 – 07/01/2011 | 520.96 | 520.96 | 1,041.92 |
| 254 | Padilla, Felipe L. | 01/15/2010 – 04/05/2013 | 2,821.87 | 2,821.87 | 5,643.74 |
| 255 | Parra Andrade, Carlos A. | 10/23/2009 – 11/18/2011 | 1,310.07 | 1,310.07 | 2,620.14 |
| 256 | Partida, Miguel A. | 04/23/2010 | 30.86 | 30.86 | 61.72 |
| 257 | Pena, Tizoc Gaspar | 04/05/2013 | 52.41 | 52.41 | 104.82 |
| 258 | Ponce Ceja, Jaime | 11/18/2011 – 02/22/2013 | 387.62 | 387.62 | 775.24 |
| 259 | Ponce Garcia, Abelardo | 05/04/2012 | 26.16 | 26.16 | 52.32 |
| 260 | Quinones M., Francisco | 10/23/2009 – 01/27/2012 | 2,013.95 | 2,013.95 | 4,027.90 |
| 261 | Quinones M., Jesus J. | 10/23/2009 – 04/05/2013 | 3,393.63 | 3,393.63 | 6,787.26 |
| 262 | Quinones Mendoza, Jose Carlos | 10/23/2009 – 04/05/2013 | 3,281.52 | 3,281.52 | 6,563.04 |
| 263 | Quiroz, Jose M. | 05/06/2011 – 04/05/2013 | 869.46 | 869.46 | 1,738.92 |
| 264 | Ramirez Guzman, Enrique | 02/11/2011 – 04/05/2013 | 2,267.97 | 2,267.97 | 4,535.94 |
| 265 | Ramirez, Abraham G. | 04/22/2011 – 04/05/2013 | 794.19 | 794.19 | 1,588.38 |
| 266 | Ramirez, Avigay G. | 01/15/2010 | 32.06 | 32.06 | 64.12 |
| 267 | Ramirez, Constantino G. | 01/15/2010 – 04/05/2013 | 4,546.80 | 4,546.80 | 9,093.60 |
| 268 | Ramirez, Eduardo A. | 10/23/2009 – 01/25/2013 | 926.92 | 926.92 | 1,853.84 |
| 269 | Ramirez, Misael G. | 04/22/2011 – 03/22/2013 | 730.56 | 730.56 | 1,461.12 |
| 270 | Ramirez, Noe G. | 01/15/2010 – 04/05/2013 | 1,275.45 | 1,275.45 | 2,550.90 |
| 271 | Rangel, Victor H. | 04/05/2013 | 52.41 | 52.41 | 104.82 |
| 272 | Resendiz, Jose Antonio R. | 04/05/2013 | 52.41 | 52.41 | 104.82 |
| 273 | Riestra, David | 10/23/2009 – 04/05/2013 | 4,036.08 | 4,036.08 | 8,072.16 |
| 274 | Riestra, Demetrio | 12/31/2009 – 01/29/2010 | 61.56 | 61.56 | 123.12 |
| 275 | Riestra, Israel | 12/31/2009 – 10/19/2012 | 311.85 | 311.85 | 623.70 |
| 276 | Riestra, Jose | 02/22/2013 - 04/05/2013 | 222.90 | 222.90 | 445.80 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 277 | Riestra, Oscar | 12/31/2009 – 10/19/2012 | 312.13 | 312.13 | 624.26 |
| 278 | Riestra, Victor A. | 10/23/2009 – 04/05/2013 | 3,358.62 | 3,358.62 | 6,717.24 |
| 279 | Rincon, Octavio M. | 09/21/2012 – 11/16/2012 | 87.50 | 87.50 | 175.00 |
| 280 | Rios, Gabriel E. | 01/28/2011 – 01/27/2012 | 333.91 | 333.91 | 667.82 |
| 281 | Rivas, Alejandro N. | 10/19/2012 – 11/16/2012 | 43.97 | 43.97 | 87.94 |
| 282 | Rodriguez Cortez, Fernando | 03/09/2012 – 12/14/2012 | 374.46 | 374.46 | 748.92 |
| 283 | Rodriquez Orozco, Francisco | 05/21/2012 – 10/21/2011 | 1,164.45 | 1,164.45 | 2,328.90 |
| 284 | Rodriguez, Candido Lujan | 04/05/2013 | 65.57 | 65.57 | 131.14 |
| 285 | Rodriguez, Ely R. | 06/15/2012 – 09/07/2012 | 427.75 | 427.75 | 855.50 |
| 286 | Rodriguez, Jose A.M. | 04/05/2013 | 43.87 | 43.87 | 87.74 |
| 287 | Rodriguez, Felix | 02/25/2011 – 05/20/2011 | 207.68 | 207.68 | 415.36 |
| 288 | Rogers, Kenny | 10/05/2012 – 11/02/2012 | 60.33 | 60.33 | 120.66 |
| 289 | Romero, Adalberto R. | 04/22/2011 | 32.96 | 32.96 | 65.92 |
| 290 | Romero, Alvino N. | 09/07/2012 – 10/19/2012 | 139.18 | 139.18 | 278.36 |
| 291 | Romero, Christian D. | 08/24/2012 – 11/02/2012 | 217.13 | 217.13 | 434.26 |
| 292 | Romero, Efrain R. | 10/05/2012 – 02/22/2013 | 47.23 | 47.23 | 94.46 |
| 293 | Romero, Hector M. F. | 01/15/2010 – 04/05/2013 | 678.58 | 678.58 | 1,357.16 |
| 294 | Romero, Israel R. | 10/05/2012 – 02/22/2013 | 56.01 | 56.01 | 112.02 |
| 295 | Romero, J. Homar G. | 01/15/2010 – 04/05/2013 | 3,671.35 | 3,671.35 | 7,342.70 |
| 296 | Romero, Jose L. F. | 04/23/2010 – 04/05/2013 | 1,168.50 | 1,168.50 | 2,337.00 |
| 297 | Rosales B., Francisco | 10/23/2009 – 04/05/2013 | 3,193.60 | 3,193.60 | 6,387.20 |
| 298 | Rosales, Cornelio | 03/25/2011 – 01/25/2013 | 487.82 | 487.82 | 975.64 |
| 299 | Rosales, Guillermo | 07/27/2012 – 09/07/2012 | 34.51 | 34.51 | 69.02 |
| 300 | Rosales, Jaime Guzman | 04/05/2013 | 65.54 | 65.54 | 131.08 |
| 301 | Rosalez, Javier | 04/05/2013 | 44.81 | 44.81 | 89.62 |
| 302 | Rosales, Joel G. | 01/15/2010 | 40.07 | 40.07 | 80.14 |
| 303 | Rosales, Jose | 04/05/2013 | 44.84 | 44.84 | 89.68 |
| 304 | Rosales, Jose L.C. | 06/29/2012 – 04/05/2013 | 150.74 | 150.74 | 301.48 |
| 305 | Rosales, Juan F. | 02/08/2013 – 04/05/2013 | 147.75 | 147.75 | 295.50 |
| 306 | Rosales, Luis M.P. | 10/23/2009 – 08/13/2010 | 540.94 | 540.94 | 1,081.88 |

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 307 | Rosales, Manuel A. | 04/23/2010 – 05/07/2010 | 61.57 | 61.57 | 123.14 |
| 308 | Rosales, Manuel R. | 05/06/2011 – 09/07/2012 | 63.82 | 63.82 | 127.64 |
| 309 | Rosales, Nelson | 07/27/2012 | - | - | 309.00 |
| 310 | Rosales, Oscar D. | 02/08/2013 – 04/05/2013 | 147.86 | 147.86 | 295.72 |
| 311 | Rubio, Angel Guzman | 05/06/2011 | 35.74 | 35.74 | 71.48 |
| 312 | Rubio, Jesus V. | 01/28/2011 – 07/01/2011 | 202.59 | 202.59 | 405.18 |
| 313 | Rubio, Oscar M. | 07/02/2010 – 01/13/2012 | 773.48 | 773.48 | 1,546.96 |
| 314 | Rubio, Romualdo H. | 10/23/2009 – 05/18/2012 | 1,775.27 | 1,775.27 | 3,550.54 |
| 315 | Rubio, Santiago V. | 12/18/2009 – 08/12/2011 | 170.57 | 170.57 | 341.14 |
| 316 | Ruiz Mendoza, Ramon | 08/10/2012 – 04/05/2013 | 368.61 | 368.61 | 737.22 |
| 317 | Ruiz Negrete, Francisco J. | 10/23/2009 – 04/20/2012 | 745.59 | 745.59 | 1,491.18 |
| 318 | Ruiz, Bernadet G. | 10/23/2009 – 04/05/2013 | 2,330.40 | 2,330.40 | 4,660.80 |
| 319 | Ruiz, Efrain | 10/23/2009 – 04/05/2013 | 2,604.53 | 2,604.53 | 5,209.06 |
| 320 | Ruiz, Joel J. | 04/08/2011 – 01/11/2013 | 135.34 | 135.34 | 270.68 |
| 321 | Ruiz, Miguel J. | 04/08/2011 – 07/15/2011 | 96.52 | 96.52 | 193.04 |
| 322 | Ruiz, Tiburcio J. | 04/08/2011 – 01/11/2013 | 168.53 | 168.53 | 337.06 |
| 323 | Salas Sustaita, Armando | 02/22/2013 – 04/05/2013 | 317.13 | 317.13 | 634.26 |
| 324 | Salas, Adan G. | 07/13/2012 – 09/07/2012 | 101.74 | 101.74 | 203.48 |
| 325 | Salas, Alberto | 12/14/2012 – 04/05/2013 | 743.97 | 743.97 | 1,487.94 |
| 326 | Salas, Juan Jose | 04/23/2010 – 04/05/2013 | 1,809.97 | 1,809.97 | 3,619.94 |
| 327 | Sanchez May, Marcos A. | 08/24/2012 – 10/05/2012 | 92.25 | 92.25 | 184.50 |
| 328 | Sanchez, Rogelio Ochoa | 04/23/2010 – 08/12/2011 | 402.40 | 402.40 | 804.80 |
| 329 | Sandoval, Jesus | 10/23/2009 – 04/05/2013 | 3,984.50 | 3,984.50 | 7,969.00 |
| 330 | Sandoval, Sergio B. | 10/23/2009 | 43.87 | 43.87 | 87.74 |
| 331 | Silva, Guadalupe A. | 01/15/2010 | 32.06 | 32.06 | 64.12 |
| 332 | Simerka, Roger F. | 05/18/2012 | 50.07 | 50.07 | 100.14 |
| 333 | Siordia, Guadalupe R. | 10/23/2009 – 04/05/2013 | 3,193.60 | 3,193.60 | 6,387.20 |
| 334 | Siordia, Ricardo R. | 10/23/2009 – 04/05/2013 | 3,182.19 | 3,182.19 | 6,364.38 |

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

| | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 335 | Siordia, Valentin R. | 10/23/2009 – 04/05/2013 | 3,391.29 | 3,391.29 | 6,782.58 |
| 336 | Suarez, Francisco D. | 04/05/2013 | 61.39 | 61.39 | 122.78 |
| 337 | Suarez, Roberto D. | 04/05/2013 | 61.36 | 61.36 | 122.72 |
| 338 | Sustaita, Ildefonso S. | 09/07/2012 – 04/05/2013 | 1,206.44 | 1,206.44 | 2,412.88 |
| 339 | Sustaita, Raymundo C. | 05/06/2011 – 10/05/2012 | 207.84 | 207.84 | 415.68 |
| 340 | Talavera, Rigoberto M. | 10/23/2009 – 04/20/2012 | 2,175.17 | 2,175.17 | 4,350.34 |
| 341 | Tejeda Corona, Antonio | | 73.11 | 73.11 | 146.22 |
| 342 | Tirado, Anthony | 08/24/2012 – 09/07/2012 | - | - | - |
| 343 | Torres Castillo, Javier | 09/21/2012 – 04/05/2013 | 1,050.21 | 1,050.21 | 2,100.42 |
| 344 | Torres T., Juan Luis | 10/23/2009 – 04/05/2013 | 5,127.56 | 5,127.56 | 10,255.12 |
| 345 | Torres, Abel R. | 10/23/2009 – 12/17/2010 | 626.64 | 626.64 | 1,253.28 |
| 346 | Torres, Francisco C. | 07/27/2012 – 08/10/2012 | 47.38 | 47.38 | 94.76 |
| 347 | Torres, Jose Cruz | 10/23/2009 – 04/05/2013 | 1,305.66 | 1,305.66 | 2,611.32 |
| 348 | Torres, Jose De Jesus | 02/22/2013 – 04/05/2013 | 174.42 | 174.42 | 348.84 |
| 349 | Torres, Jose Rogelio | 10/23/2009 – 04/05/2013 | 5,148.45 | 5,148.45 | 10,296.90 |
| 350 | Torres, Juan | 07/15/2011 – 12/16/2011 | 551.55 | 551.55 | 1,103.10 |
| 351 | Torres, Juan Francisco | 10/23/2009 – 02/25/2011 | 1,743.92 | 1,743.92 | 3,487.84 |
| 352 | Torres, Manuel T. | 08/10/2012 – 04/05/2013 | 368.17 | 368.17 | 736.34 |
| 353 | Truiillo Corona, Hernan | 04/09/2010 | 28.81 | 28.81 | 57.62 |
| 354 | Urrutia, Jose R. M. | 07/27/2012 – 02/08/2013 | 676.38 | 676.38 | 1,352.76 |
| 355 | V. Rangel Perez, Bianca | 08/24/2012 – 10/05/2012 | 77.74 | 77.74 | 155.48 |
| 356 | V. Gonzalez, Juan J. | 08/24/2012 – 12/07/2012 | 174.95 | 174.95 | 349.90 |
| 357 | Valdez, Julio C. Rosales | 05/07/2010 – 08/13/2010 | 222.11 | 222.11 | 444.22 |
| 358 | Valenzuela, Juan Jose | 03/08/2013 – 03/22/2013 | 48.49 | 48.49 | 96.98 |
| 359 | Valverde B., Vicente | 04/09/2010 – 02/24/2012 | 494.66 | 494.66 | 989.32 |
| 360 | Vega, Dagoberto A. | 08/24/2012 – 09/21/2012 | 118.75 | 118.75 | 237.50 |
| 361 | Vela, Eduardo | 06/17/2011 – 04/05/2013 | 1,066.17 | 1,066.17 | 2,132.34 |
| 362 | Velasco, Benjamin | 10/23/2009 – 01/11/2013 | 1,234.81 | 1,234.81 | 2,469.62 |
| 363 | Velasco, Jesus M. | 10/23/2009 – 04/20/2012 | 2,373.89 | 2,373.89 | 4,747.78 |

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

|  | Employee Name | Period Covered (Paycheck Dates) | Back Wages ($) | Liquidated Damages ($) | Gross Amt. Due ($) |
|---|---|---|---|---|---|
| 364 | Velasco, Luis A. | 10/23/2009 – 04/05/2013 | 1,720.63 | 1,720.63 | 3,441.26 |
| 365 | Ventura, Victor G. | 11/02/2012 – 11/16/2012 | 43.97 | 43.97 | 87.94 |
| 366 | Villa Rivero, Juan Carlos | 04/23/2010 – 05/07/2010 | 58.64 | 58.64 | 117.28 |
| 373 | Villarreal, Emmanuel G. | 08/24/2012 – 11/02/2012 | 112.86 | 112.86 | 225.72 |
| 374 | Villasenor Bernabe, Martin Ramon | 03/09/2012 | 36.21 | 36.21 | 72.42 |
| 375 | Villasenor, Armando B. | 11/16/2012 – 04/05/2013 | 377.66 | 377.66 | 755.32 |
| 376 | Villasenor, Juan C. P. | 11/30/2012 – 04/05/2013 | 340.93 | 340.93 | 681.86 |
| 377 | Villavisencio, Francisco J. | 10/19/2012 – 11/02/2012 | 59.05 | 59.05 | 118.1 |
| 378 | Vitale, Daniel W. | 03/09/2012 – 06/15/2012 | 54.06 | 54.06 | 108.12 |
| 379 | West, Patrick A. | 08/24/2012 – 03/22/2013 | 223.08 | 223.08 | 446.16 |
| 380 | Yarrington, Andrew T. | 10/05/2012 – 11/02/2012 | 60.25 | 60.25 | 120.5 |
| 381 | Yates, John B. | 08/24/2012 – 02/22/2012 | 216.20 | 216.20 | 432.4 |
| 382 | Zamora, Francisco R. | 07/27/2012 – 12/02/2012 | 169.14 | 169.14 | 338.28 |
| 383 | Zamudio, Liandro G. | 10/19/2012 – 03/22/2013 | 75.64 | 75.64 | 151.28 |
| 384 | Zuaso, Rosalio Ortiz | 04/05/2013 | 65.64 | 65.64 | 131.28 |

**CONSENT JUDGMENT– PAGE  1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
(206) 757-6762
Fax: (206) 757-6761

**Exhibit B to Consent Judgment**
**EMPLOYEE NOTICE OF RIGHTS UNDER THE FLSA**

The U.S. Department of Labor ("Department") conducted an investigation of SUMMIT DRYWALL, INC. and THOMAS KAUZLARICH, and determined that employees were owed back wages for their employment during the period from October 15, 2009, through April 15, 2013. SUMMIT DRYWALL, INC. and THOMAS KAUZLARICH have voluntarily agreed to pay back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The **Fair Labor Standards Act** provides that all employees must be paid no less than **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one-half their regular rate for each hour worked over 40 in a workweek. All hourly employees are entitled to overtime when they work over 40 hours in a workweek, even if the employee is paid on a piece rate basis.

**You must keep track of all hours you work during a workweek**, including time spent picking up supplies, traveling from one job site to another, and attending work meetings if your employer requires or permits you to attend those meetings.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (206) 398-8039 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential to the fullest extent permitted by law.

CONSENT JUDGMENT– PAGE 1
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

**Prueba B al Juicio de Consentimiento**


## NOTICIA DE LOS DERECHOS DEL EMPLEADO BAJO LA FLSA
### (La Ley de Normas Justas de Trabajo)


El Departamento del Trabajo de los EEUU ("Departamento") hizo una investigacion de SUMMIT DRYWALL, INC. y THOMAS KAUZLARICH, y determino que se debian salarios atrasados a los empleados por su empleo durante el periodo del 15 de octubre de 2009 hasta el 15 de abril de 2013. SUMMIT DRYWALL, INC. y THOMAS KAUZLARICH se han puesto de acuerdo voluntariamente a pagar los salarios atrasados y danos liquidados calculados por el Departamento, y tomar otros pasos afirmativos a lograr cumplimiento con la Ley de Normas Justas de Trabajo.

**La Ley de Normas Justas de Trabajo** establece que todos los empleados tienen que ser pagados no menos que **el salario minimo** para todas las horas trabajadas. Ademas, todos los empleados tienen que ser pagados la tasa de sobretiempo de tiempo y medio de su tasa regular por cada hora trabajada mas que 40 in una semana de trabajo. Todos los empleados que trabajan por hora tienen el derecho a la tasa de sobretiempo cuando trabajen mas que 40 horas en una semana de trabajo, aun cuando este pagado el empleado por pieza.

**Ud. tiene que mantener un seguimiento de todas las horas que trabaje durante una semana de trabajo,** incluyendo el tiempo agarrando materiales, viajando entre sitios del trabajo, y asistiendo a juntas de trabajo si su empleador lo require o le permite asistir a esas juntas.

U.S. Department of Labor
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

**Si Ud. cree que no se esta pagando de acuerdo con la ley,** puede llamar al Departamento del Trabajo de los EEUU, Seccion de Horas y Sueldos, a (206) 398-8039 o 1-866-4-USWAGE (1-866-487-9243) y su nombre se va a mantener confidencial al alcance maximo permitido por la ley.

**CONSENT JUDGMENT– PAGE 1**
*Perez v. Summit Drywall, Inc.,* et al.
Case No. 2:13-cv-00683-RSL

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761